IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER PARY,

                Plaintiff,

v.

MCCRACKEN COUNTY JAIL, FOREST CITY
FEDERAL CORRECTIONAL COMPLEX, DELTA
MEDICAL CENTER, FCI OXFORD, KATHERINE REGISTER,
KEITH OAKLEY, GREG KINGSTON, PAUL DOROGHAZI,
MARTIN S. TINDEL, WILLIAM RESTO RIVERA,
NWANNEM OBI OKOYE, GERALD J. LIEBERMAN,
CURTIS L. OWENS, AMY E. FUNDERBURK, JUDITH
LAMARRE, DAVID WILLIAMS, SANDRA FUTRELL, J. CAPPS,
PAUL S. BIERMAN, TERESA NEHLS, PENNY PERRY,
DR. R. GUPTA, RAME AWD, BONNIE NOWAKOWSKI,
B. MILLER, CHIZOBA OBI, SYED SHUJAUDDIN and
HABIBA SEIDU FUSEINI,

                Defendants.

OPINION AND ORDER

17-cv-37-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christopher Pary, who is incarcerated at the Milan Federal Correctional Institution in Milan, Michigan, has filed a proposed complaint alleging that numerous health care providers at a county jail in Kentucky, two private medical facilities in Tennessee and Wisconsin and two federal correctional institutions in Arkansas and Wisconsin failed to provide him with adequate medical care. Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), so his complaint is ready for

1

screening under 28 U.S.C. § 1915A. After reviewing plaintiff's complaint, I conclude that he has failed to provide sufficient detail to satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, I will dismiss plaintiff's complaint without prejudice. However, plaintiff will be given an opportunity to amend his complaint to include additional details related to defendants' alleged failure to provide him medical care.

The following facts are drawn from the allegations in plaintiff's complaint.

ALLEGATIONS OF FACT

In April 2012, plaintiff Christopher Pary started bleeding from his rectum and was given a diagnosis of rectal hemorrhoids. On May 21, 2012, plaintiff was arrested and placed in the McCracken county jail in Paducah, Kentucky. Defendants Katherine Register, Keith Oakley and Greg Kingston were part of the medical staff at the jail.

Immediately following his arrest, plaintiff was transported to a federal holdover facility in Paducah, which plaintiff refers to as "McCracken County." (It is unclear from the allegations in the complaint whether the holdover facility was in fact the McCracken county jail.) On June 3, 2013, while housed at "McCracken," plaintiff again had rectal bleeding, which was substantially worse than what he had experienced previously. Health care staff gave him hemorrhoid cream but did not provide him any other medical care.

Plaintiff was transferred to the Forrest City Federal Correctional Complex in Forrest City, Arkansas in November 2013. Even though plaintiff's rectal bleeding continued to worsen, medical staff gave him only a hemorrhoid cream and did not perform any diagnostic tests or provide further treatment. Defendants Paul Doroghazi, Dr. Martin Tindel, William

2

Resto Rivera, Dr. Nwannem Obi Okoye, Judith Lamarre, David Williams, Sandra Futrell and Dr. J. Capps worked in health services at the Forrest City facility.

On October 10, 2014, plaintiff began bleeding profusely and was rushed to defendant Delta Medical Center in Memphis, Tennessee, where he received three blood transfusions. Physicians determined that a colonoscopy was necessary to determine whether internal rectal hemorrhoids were causing the bleeding. Defendants Gerald Lieberman, Curtis Owens and Amy Funderburk worked at Delta Medical Center. Defendant Dr. Paul Bierman is associated with Gastrointestinal Specialists Endoscopy Center in Memphis, Tennessee.

Plaintiff's bleeding continued during the period from October 2014 and August 15, 2015. Plaintiff was transferred to defendant Federal Correctional Institution at Oxford, where he continued to suffer from rectal bleeding. Defendants Teresa Nehls, Penny Perry, Dr. R. Gupta, Dr. Rame Awd, Bonnie Nowakowski, Habiba Seidu-Fuseini and B. Miller worked in health services at the prison. On September 15, 2015, plaintiff reported severe rectal bleeding to health services staff. Plaintiff received a blood transfusion on February 4, 2016, and again on March 16, 2016. Both procedures were performed at Divine Savior Healthcare in Portage, Wisconsin while plaintiff was housed at the Federal Correctional Institution at Oxford. Defendants Chizoba Obi and Syed Shujauddin are doctors at Divine Savior.

On April 15, 2016, plaintiff saw a specialist, Dr. Michael Foley, at Affinity Medical Group in Oshkosh, Wisconsin, who determined that a "rubberband" procedure would largely solve the rectal bleeding issue and provide plaintiff lasting relief.

3

OPINION

Under Fed. R. Civ. P. 8(a), plaintiff must set forth a "short and plain statement of [his] claim showing that [he] is entitled to relief" and provide the people he is suing "fair notice of what [his] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff's complaint fails to comply with this rule in several respects and it also names certain entities who cannot be sued. I will start by discussing the parties who may be sued and then address the specific pleading deficiencies in plaintiff's complaint.

A. Proper Defendants and Governing Law

Plaintiff has brought his claim for inadequate medical care under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of a right secured by the Constitution or laws of the United States by a person or persons acting under color of state law. Buchanan-Moore v. City of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Although the employees of the McCracken County Jail may be considered state actors for purposes of § 1983, plaintiff's claims against the individual defendants who worked at the federal correctional facilities arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which "recognized an implied cause of action for damages against federal officers to redress a constitutional violation." Engel v. Buchan, 710 F.3d 698, 703 (7th Cir. 2013). In addition, because the McCracken County Jail is a

4

building and not a "person," it can not be sued under § 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Similarly, the Federal Correctional Facility at Oxford and the Forrest City Federal Correctional Complex are not "officials" who can be sued under Bivens. Finally, plaintiff has named a private medical facility and private medical providers as defendants. Although private persons may be sued under § 1983 when they act under color of state law and certain conditions are met, London v. RBS Citizens, N.A., 600 F.3d 742, 746 (7th Cir. 2010), there is no automatic right of action for damages against private entities acting under color of federal law. Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). Because it appears from the allegations in plaintiff's complaint that the private medical providers treated plaintiff while he was in federal custody, plaintiff has no federal cause of action against them for the violation of his constitutional rights. If plaintiff chooses to file an amended complaint, he should clarify whether any of the private medical defendants treated him while he was in state custody.

B. Rule 8 Analysis

Medical care claims are governed by the Eighth Amendment with respect to convicted prisoners and the Fourteenth Amendment with respect to pretrial detainees. Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007). Although plaintiff does not provide any details concerning the status of his custody, I can infer from the allegations in his complaint that he may have been a pretrial detainee and later became a convicted prisoner during the period at issue. In any event, the Court of Appeals for the Seventh Circuit has applied the

5

same standard for medical care claims under both the Eighth Amendment and the Fourteenth Amendment. Id. In particular, the question is whether the prison or jail official was "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

In order to satisfy the requirements of Rule 8, plaintiff must let the people he is suing know what he claims they did wrong. His complaint fails to do this for several reasons. First, plaintiff must allege that specific individuals personally knew about his medical problems and failed to take reasonable measures to provide him necessary treatment. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997); Vance v. Peters, 97 F.3d 987, 991-92 (7th Cir. 1996). It is not enough for plaintiff to allege that a defendant is a nurse or doctor who worked at a facility, which is all that plaintiff alleges with respect to the individual defendants. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution.") (internal citation omitted). If plaintiff files an amended complaint, he must identify what each defendant did to violate his rights under the standard described above. In particular, plaintiff must explain how each defendant knew he had the medical problems or symptoms he describes in his complaint. It is not enough for plaintiff to simply say defendants knew about his medical problems; he must explain *how* they knew.

Second, with respect to each individual that plaintiff contends had personal knowledge of his medical problems, plaintiff should explain whether any of these individuals

6

took steps to provide him treatment. Plaintiff refers only vaguely to the fact that he received hemorrhoid cream at certain points and that a specialist recommended a "rubberband procedure" in 2016. If any of the defendants did provide treatment to plaintiff, plaintiff must explain what this treatment was, why it was inappropriate and what they should have done differently. Forbes, 112 F.3d at 266 ("[T]he Constitution is not a medical code that mandates specific medical treatment.").

Third, as discussed above, it is not clear from the allegations in the complaint where plaintiff was housed in 2012 or how he came to see the private medical providers. In particular, plaintiff does not say whether the incidents that occurred at "McCracken" in 2012 took place at the county jail or some other federal facility, as plaintiff's allegations suggest. He also does not make clear when it was that he was awaiting trial and when he became a convicted prisoner. If plaintiff chooses to file an amended complaint, he should identify as specifically as possible where and when he experienced the symptoms or medical problems he is describing in his complaint, how he came to be treated by private medical providers and when his status changed from pretrial detainee to convicted prisoner.

Fourth, plaintiff should explain what harms he suffered as a result of defendants' alleged failures to provide him the type of medical treatment he believes he should have received. Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997) ("Section 1983 is a tort statute which means that the defendant must breach a duty owed to the plaintiff, *who must suffer cognizable legal harm*.") (emphasis added) (internal citation omitted). Plaintiff makes general references to continued bleeding and the need for blood transfusions, but he does not

7

explain how this affected him or whether it caused him pain or other physical discomforts that could have been addressed earlier.

Finally, if plaintiff chooses to file an amended complaint, it should completely replace the complaint that is currently before the court. That is, plaintiff should start over and draft an entirely new complaint that contains the types of allegations described above as well as any other allegations that plaintiff believes support his claim. Plaintiff may not simply "supplement" his complaint with additional allegations. The court cannot screen, and defendants cannot respond to, a "complaint" that is based on allegations strewn across various documents in the record.

ORDER

IT IS ORDERED that plaintiff Christopher Pary's complaint, dkt. #1, is DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 30, 2017 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to file an amended complaint by that date, his case will be dismissed for failing to state a claim upon which

relief may be granted and the clerk's office will record a strike against plaintiff in accordance with 28 U.S.C. § 1915(g).

Entered this 8th day of May, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge