IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER PARY,

                                                    OPINION AND ORDER

             Plaintiff,

                                                    17-cv-37-bbc

     v.

KATHERINE REGISTER, KEITH OAKLEY,
GREG KINGSTON, PAUL DOROGHAZI,
MARTIN S. TINDEL, WILLIAM RESTO RIVERA,
NWANNEM OBI-OKOYE, JUDITH LAMARRE,
DAVID WILLIAMS, SANDRA FUTRELL, J. CAPPS,
TERESA NEHLS, PENNY PERRY, DR. R. GUPTA,
RAME AWD, BONNIE NOWAKOWSKI,
B. MILLER and HABIBA SEIDU-FUSEINI,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christopher Pary, who is incarcerated at the Milan Federal

Correctional Institution in Milan, Michigan, is proceeding on claims under 42 U.S.C. § 1983

and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1974), relating to allegations that numerous health care providers at a county jail in

Kentucky and two federal correctional institutions in Arkansas and Wisconsin failed to

provide him adequate medical care for rectal bleeding. All proceedings in the case, including

discovery, were stayed pending the resolution of motions to dismiss filed by several of the

defendants. Dkt. #90. The following five motions are now before the court: (1) a motion

to dismiss for lack of personal jurisdiction filed by defendant Rame Awd, dkt. #42; (2) a motion to dismiss for lack of personal jurisdiction filed by defendants Greg Kingston and Keith Oakley, dkt. #46; (3) a motion to dismiss for lack of personal jurisdiction filed by defendants J. Capps and Nwannem Obi-Okoye, dkt. #55; (4) a motion to dismiss for lack of personal jurisdiction filed by defendant Katherine Register, dkt. #62; and (5) a motion to dismiss for lack of personal jurisdiction, failure to execute service of the complaint and failure to state a claim upon which relief may be granted, filed by defendants Sandra Futrell, R. Gupta, Judith Lamarre, Teresa Nehls, Bonnie Nowakowski, Penny Perry, William Resto-Rivera, Habiba Seidu-Fuseini and Martin Tindel (the federal defendants), dkt. #77.  In addition, it is worth noting that the United States Marshals Service was unable to serve plaintiff's amended complaint on remaining defendant David Williams because no one by that name worked at the federal prison in Arkansas during the relevant time period and his name is too common to allow the bureau of prisons to perform a more extensive search. Dkt. #52.

For the reasons explained below, I conclude that defendants Awd, Kingston, Oakley, Capps, Obi-Okoye, Register, Futrell, Nowakowski and Tindel must be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) because none of them has sufficient contacts with the state of Wisconsin.  Defendants Resto-Rivera, Lamarre and Seidu-Fuseini will be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because plaintiff agrees that they are commissioned public health service officers who are immune from civil liability under 42 U.S.C. § 233(a).  The federal defendants' motion to dismiss the claims against defendant Gupta under Fed. R. Civ. P. 12(b)(5) for insufficient

service and against defendants Gupta, Perry and Nehls under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted will be denied. Finally, defendant David Williams will be treated as a John Doe defendant whose name plaintiff will have an opportunity to obtain through discovery.

I have set forth plaintiff's allegations of fact in previous orders, dkt. ##10 and 12, and incorporate those allegations by reference. In conjunction with their motions to dismiss, defendants submitted declarations with additional facts related to jurisdiction, and I discuss those facts in the opinion below. Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015) ("In reviewing a factual challenge [to subject matter jurisdiction], the court may look beyond the pleadings and view any evidence submitted."); Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983) ("To determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits prior to trial on the merits.").

OPINION

All defendants except for Gupta, Perry and Nehls argue that this court lacks personal jurisdiction over them because they do not have sufficient contacts with the state of Wisconsin. In addition, the defendants employed by the Federal Bureau of Prisons argue that Resto-Rivera, Lamarre and Seidu-Fuseini are commissioned officers who are subject to immunity under 42 U.S.C. § 233(a); Gupta and Resto-Rivera have not been served with the amended complaint; plaintiff's allegations fail to state a claim upon which relief may be granted; and they are subject to qualified immunity. I will discuss each theory separately.

3

A.  Immunity for Public Health Service Officers

The federal defendants have adduced evidence that Resto-Rivera, Lamarre and Seidu-Fuseini are commissioned officers who were employed by the United States Public Health Service to provide medical services to federal prisoners at all times relevant to plaintiff's complaint.  Under 42 U.S.C. § 233(a), the sole remedy for a plaintiff alleging that he was harmed by any such officer acting within the scope of his or her employment is a claim against the United States under the Federal Tort Claims Act.  Hui v. Castenada, 559 U.S. 799, 806-07 (2010) (Section 233(a) "grants absolute immunity to [United States Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.").  Plaintiff does not challenge defendants' contentions that these defendants have absolute immunity and agrees to voluntarily dismiss them from the case.  Dkt. #94 at 2.  Accordingly, the claims against defendants Resto-Rivera, Lamarre and Seidu-Fuseini will be dismissed.


B.  Personal Jurisdiction

Defendants Awd, Kingston, Oakley, Capps, Obi-Okoye, Register, Futrell, Nowakowski and Tindel argue that this court may not exercise personal jurisdiction over them because they do not have sufficient contacts with the state of Wisconsin.  On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the court accepts

all well-pleaded factual allegations in the plaintiff's complaint as true and resolves any factual disputes in his favor.  Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012).  The burden of proof rests on the party asserting jurisdiction—in this case, plaintiff—to make a prima facie showing of personal jurisdiction.  Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).  In other words, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 783 (7th Cir. 2003).

For Bivens and § 1983 claims, "personal jurisdiction issues are resolved under the laws of the state where the forum is located," which in this case is Wisconsin.  Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012); Smith v. Jefferson County Board of Education, 378 Fed. Appx. 582, 585 (7th Cir. 2010); Kinslow v. Pullara, 538 F.3d 687, 690 (7th Cir. 2008).  In Wisconsin, personal jurisdiction depends on two factors:  (1) whether defendants fall within the state's jurisdictional (or "long-arm") statute, Wis. Stat. § 801.05; and (2) whether the exercise of jurisdiction over each defendant comports with due process requirements of the Fourteenth Amendment.  Purdue Research Foundation, 338 F.3d at 779; Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667-68 (Wis. 2001).  To comply with the due process clause, defendants must "have sufficient 'minimum contacts' with [Wisconsin] such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'"  Tamburo v. Dworkin, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Two

different types of contacts may satisfy this requirement: (1) "continuous and systematic" contacts with Wisconsin, which are not necessarily related to the basis of the lawsuit, but that make defendants "essentially at home" in Wisconsin (general jurisdiction); and (2) contacts with Wisconsin that relate directly to the subject matter of the lawsuit (specific jurisdiction). Id. at 701-02; SV Gopalratnam v. Hewlett-Packard Co., 2014 WL 1572942, at *2 (E.D. Wis. Apr. 17, 2014) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & nn. 8-9 (1984)).

I will not spend time discussing the more specific requirements of the long-arm statute or general and specific jurisdiction because plaintiff does not allege any facts to support a finding that any of the above defendants had sufficient contacts with Wisconsin that would permit this court to exercise personal jurisdiction over them in this case. I will discuss the parties' arguments with respect to Awd and the other defendants separately.

1. Dr. Awd

Dr. Awd avers that he is a resident of Pennsylvania and has never lived in, worked in or visited Wisconsin. In response, plaintiff has submitted a July 9, 2015 clinical note identifying Awd as plaintiff's medical provider. However, according to a Bureau of Prisons work record, Awd was working at the Forrest City Correctional Complex in Arkansas on July 9, 2015, when he renewed two different medications for plaintiff. In addition, the clinical note does not state that the encounter took place at the Federal Correctional Institution at Oxford and identifies the facility as "FOM." A review of the Federal Bureau of Prisons

website (https://www.bop.gov/locations/institutions/fom/, accessed Jan. 17, 2018) shows that "FOM" is used in the facility email to designate "FCI Forrest City Medium" in Arkansas. Similarly, "OXF" is used to designate "FCI Oxford" (https://www.bop.gov/locations/institutions/oxf/, accessed Jan. 17, 2018).

At some point in 2015, plaintiff was transferred from the Forrest City Correctional Complex to the Federal Correctional Institution at Oxford in Wisconsin. However, plaintiff does not make it clear in his complaint when he was transferred from Forrest City to Oxford in 2015. In his amended complaint he alleges only that

> From October, 2014 through August 15, 2015, the Plaintiff's bleeding continued in earnest. The Plaintiff was transferred to FCI Oxford Federal Correctional Institution, where he continued to suffer from rectal bleeding. On September 15, 2015, the Plaintiff reported severe rectal bleeding to FCI Oxford Health Services Staff.

Dkt. #11 at 7-8. At most, these allegations suggest that plaintiff was transferred on or after August 15, 2015. In any event, without more, plaintiff cannot show that Awd had sufficient contacts with Wisconsin to allow this court to exercise personal jurisdiction over him. Accordingly, defendant Awd's motion to dismiss will be granted.

2. Register, Kingston, Oakley, Capps, Obi-Okoye, Futrell, Nowakowski and Tindel

According to the affidavits submitted by these defendants, they all live and work in states other than Wisconsin: Register, Oakley and Kingston are residents of Kentucky; Dr. Capps is a resident of Texas; Dr. Obi-Okoye is a resident of Tennessee; Dr. Tindel has been a resident of Connecticut since November 2016 and previously resided in Tennessee from

August 2014 to November 2016; Furtrell has been a resident of Arkansas since 1998; and Dr. Nowakowski is a resident of Illinois. Only Nowakowski and Capps have ever had any contact with Wisconsin.

Nowakowski's contacts are sporadic. She visited the Federal Correctional Institution at Oxford on one occasion from October 3 to October 7, 2016, when the Bureau of Prisons temporarily assigned her there because of a staff shortage, but she did not encounter plaintiff during that period. Nowakowski also travels five or six times a year to Wisconsin to visit her sister and a friend who live in the Milwaukee area. However, she has never resided, owned property, attended school, conducted business or engaged in any other regular activities in Wisconsin.

Capps's contact is even more attenuated. He recalls that he may have passed through Wisconsin while traveling in 1965 and 1998, but he has not had any other contacts with the state.

Plaintiff offers no evidence to refute defendants' affidavits, arguing only that these defendants are federal prison employees or contractors who knew that federal inmates like plaintiff are transferred routinely to prisons in other states, including Wisconsin. However, knowledge that an individual may travel to another state, and even the fact that plaintiff was transferred to a federal prison in Wisconsin, do not change the personal jurisdiction analysis. Hoeller v. Village of Barrington, 619 Fed. Appx. 534, 535 (7th Cir. 2015) ("The only supposed contact between the village and Wisconsin that [plaintiff] (belatedly) identifies is his move to Wisconsin and his letter to the village saying he had moved there. But *his*

8

'unilateral activity' of moving to the forum state or contacting a non-resident defendant from there does not satisfy the requirement that the *village* [has] contact with the forum state.");
<u>Howard v. Rodgers</u>, 2017 WL 377951, at *1 (W.D. Wis. Jan. 26, 2017) (relying on <u>Hoeller</u> in rejecting similar argument made by pro se prisoner). "Due process requires that a defendant be haled into court in a forum State based on his *own* affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." <u>Walden v. Fiore</u>, 134 S. Ct. 1115, 1123 (2014) (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)). Accordingly, I am dismissing plaintiff's claims against these defendants for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).


## C. <u>Failure to State a Claim</u>

Defendants Gupta, Perry and Nehls were responsible for treating plaintiff during his incarceration at the Federal Correctional Institution at Oxford, Wisconsin in 2015 and 2016. They argue that the allegations in plaintiff's complaint do not specify when each of them saw or failed to treat plaintiff and fail to state a claim because he alleges only that they failed to arrange for a surgical "rubber band" procedure that was not even recommended until April 2016. Defendants also argue that they responded promptly to plaintiff's needs and arranged for him to see outside specialists. Although I agree that plaintiff omits many details about his medical treatment (or lack thereof) in his amended complaint, defendants'

arguments about the extent and quality of their care are best left for summary judgment or trial.

As I explained in the screening order, I can infer from the limited allegations in the amended complaint that Gupta, Perry and Nehls examined plaintiff and provided no treatment other than hemorrhoid cream despite plaintiff's continued complaints of pain, discomfort and increased rectal bleeding. Although defendants state that they cannot be liable for rendering care approved by specialists, it is unclear whether the specialists recommended only hemorrhoid cream and whether there was more defendants could have done. Plaintiff alleges that he saw specialists in Tennessee in October 2014 but that he continued to experience and complain about pain and severe bleeding when he was housed at the prison in Oxford in 2015 and 2016. If defendants ignored these additional complaints and merely continued to follow outdated recommendations from specialists, their conduct may rise to the level of deliberate indifference. I also can infer from the allegations in the amended complaint that at least as of April 15, 2016, defendants knew that plaintiff needed surgery. At this stage of the proceedings, plaintiff's allegations are sufficient to state a claim for relief under the Eighth Amendment. At summary judgment or at trial, plaintiff will have to come forward with specific evidence showing that he needed different medical care, that defendants were aware of that need, as well as how and when each defendant gained this knowledge, that they refused to take reasonable steps to provide it and that there was a causal connection between that lack of care and plaintiff's injury. Accordingly,

defendants' motion to dismiss the <u>Bivens</u> claims against defendants Gupta, Perry and Nehls will be denied.

D. <u>Insufficient Service on Defendant Gupta</u>

According to a process receipt and return executed by the United States Marshals Service on July 25, 2017, dkt. #26, defendant Gupta was served with the amended complaint in this case at 489 Agnes Street, Suite 100 in Bastrop, Texas. However, Gupta avers that he does not reside or work at that address, that he has no any connection to that address and that he was never served with the amended complaint. Dkt. #86. Therefore, he has moved to dismiss the complaint against him under Fed. R. Civ. P. 12(b)(5), which authorizes dismissal of a complaint when a plaintiff provides insufficient service of process on a defendant.

In determining whether service was proper, I must review the facts in a light most favorable to plaintiff and may consider affidavits and other documentary evidence. <u>Cardenas v. City of Chicago</u>, 646 F.3d 1001, 1005 (7th Cir. 2011). Under Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the complaint is filed. "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." <u>Id</u>,(citing Fed. R. Civ. P. 4(m)). It is unclear exactly what happened with respect to the service on Gupta, but it appears that the marshal may have served a different Dr. Gupta in Texas. The defendant

11

in this case is Dr. R. Gupta, who was the Clinical Director at the Federal Correctional Institution at Oxford from November 2011 until May 2016.

Because it seems that the marshal made a good faith, albeit mistaken, attempt to serve defendant Gupta, I will extend plaintiff's deadline for serving the complaint. In accordance with <u>Williams v. Werlinger</u>, 795 F.3d 759 (7th Cir. Aug. 5, 2015), I will order the United States Marshals Service to make a reasonable effort to locate defendant Gupta and serve him copies of the summons, amended complaint and two screening orders (dkt. ##10, 12) in this case within 45 days of the date of this order. The marshal may attempt to locate Gupta by conducting an internet search of public records for his current address or contacting the Federal Correctional Institution at Oxford, which employed him during the period relevant to the complaint. In addition, the docket sheet shows that defendant Gupta is represented by David Daly Conway from the United States Attorney's Office in Madison, Wisconsin.

Accordingly, defendants' motion to dismiss the complaint as to defendant Gupta under Fed. R. Civ. P. 12(b)(5) will be denied. Although defendants also argue that defendant Resto-Rivera was not served with the complaint, it is unnecessary to consider that argument because I have dismissed Resto-Rivera as a defendant on other grounds. <u>Stohlmeyer v. Jentry</u>, 2017 WL 2371298, at *2 (W.D. Wis. May 31, 2017) ("[E]xtending the time for plaintiff to serve . . . would be pointless because . . . plaintiff's complaint fails to state any claim.").

## E. Defendant Williams

Despite reasonable efforts, the United States Marshals Service has been unable to locate defendants B. Miller and David Williams at either of the federal prisons in which plaintiff was incarcerated. In an order entered on July 31, 2017, Magistrate Judge Peter Oppeneer determined that B. Miller would be treated as a Jane or John Doe defendant and told plaintiff that he would have the opportunity to identify B. Miller through discovery. Dkt. #21. I will order the same with respect to defendant David Williams. At a soon-to-be-scheduled preliminary pretrial conference, Magistrate Judge Stephen Crocker will discuss with the parties the most efficient way to obtain the identity and whereabouts of the Doe defendants and will set a deadline for plaintiff to amend his complaint. Donald v. Cook County Sheriff's Department, 95 F.3d 548, 555 (7th Cir. 1996) ("When the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint.").


ORDER

IT IS ORDERED that

1. The motions to dismiss filed by defendant Dr. Rame Awd, dkt. #42; defendants Greg Kingston and Keith Oakley, dkt. #46; defendants J. Capps and Nwannem Obi Okoye, dkt. #55; and defendant Katherine Register, dkt. #62 are GRANTED. Those defendants are DISMISSED for lack of personal jurisdiction.

13

2.   The motion to dismiss filed by defendants Sandra Futrell, R. Gupta, Judith Lamarre, Teresa Nehls, Bonnie Nowakowski, Penny Perry, William Resto Rivera, Habiba Seidu Fuseimi and Martin Tindel, dkt. #77, is GRANTED IN PART and DENIED IN PART:

    a.  Defendants Futrell, Nowakowski and Tindel are DISMISSED for lack of personal jurisdiction.

    b.   Defendants Resto-Rivera, Seidu-Fuseini and Lamarre are DISMISSED because they are subject to immunity under 42 U.S.C. § 233(a).

    c.  The motion is DENIED in all other respects.

3.  The United States Marshals Service shall have 45 days from the date of this order to locate and serve defendant R. Gupta with the summons, amended complaint and two screening orders (dkt. ##10, 12) in this case.

4.  Defendant David Williams shall be treated as a John Doe defendant until plaintiff can ascertain his proper identity.

5.  The stay of all proceedings entered on October 19, 2017, dkt. #90, is LIFTED. The clerk of court is directed to set a telephonic preliminary pretrial conference before Magistrate Stephen Crocker with plaintiff and remaining defendants Gupta, Perry and Nehls.

Entered this 30th day of January, 2018.

BY THE COURT:
__/s/_____
BARBARA B. CRABB
District Judge