IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER PARY,

                                                 OPINION AND ORDER

                  Plaintiff,

                                                 17-cv-37-bbc

    v.

TERESA NEHLS, PENNY PERRY,
DR. R. GUPTA, PAUL DOROGHAZI,
DOE DAVID WILLIAMS and DOE B. MILLER,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Christopher Pary is proceeding on claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1974), relating to allegations that health care providers at two federal correctional institutions in Arkansas and Wisconsin failed to provide him adequate medical care for rectal bleeding. Two matters are before the court: (1) a motion for partial reconsideration of the issue of qualified immunity in the January 30, 2018 order denying the motion to dismiss filed by defendants Teresa Nehls, Penny Perry, Dr. R. Gupta, dkt. #100; and (2) the United States Marshal's failure to execute service on defendant Paul Doroghazi, dkt. #102. For the reasons explained below, I am denying the motion for reconsideration and directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over defendant Doroghazi.

1

OPINION

A. <u>Motion for Reconsideration</u>

Defendants Nehls, Perry and Gupta contend that I inadvertently overlooked their qualified immunity argument in their motion to dismiss. In their view, plaintiff waived the issue by failing to dispute their argument with supporting legal authority. Defendants are correct that I did not undertake a detailed qualified immunity analysis in my previous order and instead focused on whether plaintiff's allegations were sufficient to state a claim under the Eighth Amendment. I noted that plaintiff alleged that Gupta, Perry and Nehls examined him and provided no treatment other than hemorrhoid cream despite plaintiff's continued complaints of pain, discomfort and increased rectal bleeding. Although defendants point out that plaintiff's allegations establish that they referred him to outside hospitals on three occasions and arranged for a "rubber band" procedure within six months of plaintiff's reporting his symptoms at FCI Oxford, I noted that the facts surrounding the timeliness and adequacy of their response to plaintiff's complaints, and whether they followed the recommendations of the specialists, remained unclear and would be best addressed on summary judgment or at trial. At least implied in that holding was that the same held true for defendants' qualified immunity argument. <u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001) ("Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate.").

Qualified immunity applies whenever a government official's actions are found not to have violated the "clearly established law" at the time, even if they were unconstitutional.

Pearson v. Callahan, 555 U.S. 223, 243 (2009); Vinning-El v. Evans, 657 F.3d 591, 594 (7th Cir. 2011). In an attempt to show that there was no "clearly established" law that required them to provide different medical treatment to plaintiff, defendants cite an unpublished case from another circuit, Moore v. Moor, No. 03-cv-6705, 2006 WL 1628081, at *2 (E.D. Cal. June 7, 2006), in which the district court found that an inmate who repeatedly sought medical care from 1993 until 2003 for swelling and bleeding in his rectum but was given suppositories instead of surgery could not proceed on an Eighth Amendment claim because "[s]uch allegations of negligence and medical malpractice against a prison official do not amount to a constitutional violation." However, the circumstances in this case are different.

As discussed in my previous orders, plaintiff alleges that he complained about pain and severe bleeding when he was housed at the prison in Oxford in September 2015, but he says he did not see specialists for a blood transfusion until February 4 and March 16, 2016, and then apparently was told about the "rubberband procedure" from another specialist in April 2016. Amd. Cpt., dkt. #11 at pp. 7-8, ¶¶ 6-8. Although I assume defendants referred plaintiff to the specialists, if defendants ignored his complaints in September 2015 or did not act promptly in response to his reports of pain, as the gap of four to five months suggests, their conduct may rise to the level of deliberate indifference and they would not be entitled to qualified immunity. Plaintiff also alleges that at least as of April 15, 2016, defendants knew that he needed surgery, but he does not say if or when he had the surgery. Construing these allegations in the light most favorable to plaintiff, I can infer at this early stage of the proceedings that defendants could have done more to address plaintiff's rectal bleeding and

that failing to do so would amount to an "obvious" constitutional violation. Also, in n light of the fact that plaintiff is proceeding pro se and has alleged facts sufficient to state a claim upon which relief may be granted, I am not persuaded by defendants' waiver argument. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Accordingly, defendants' motion for reconsideration as to their entitlement to qualified immunity will be denied.

### B. Defendant Doroghazi

On February 2, 2018, the United States Marshal notified the court that it had been unsuccessful in its attempt to serve defendant Doroghazi, whom plaintiff alleges worked at the Forrest City Correctional Complex in Arkansas, by certified mail. Dkt. #102. In light of my recent order dismissing the other defendants who worked at the Forrest City Correctional Complex for lack of personal jurisdiction, dkt. #98 at 4-8, an obvious question is whether this court may exercise personal jurisdiction over defendant Doroghazi. As I explained in my previous order, a federal district court cannot exercise personal jurisdiction over a defendant unless that defendant has certain "minimum contacts" with the state in which the court is located. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). As with the other Arkansas defendants, plaintiff's complaint does not identify any contacts that Doroghazi has with Wisconsin, and in plaintiff's response to the motion to dismiss filed by the other Arkansas defendants, he argued only that these federal prison

4

employees knew that federal inmates like himself are transferred routinely to prisons in other states, including Wisconsin. However, I explained that knowledge that an individual may travel to another state, and even the fact that plaintiff was transferred to a federal prison in Wisconsin, is not sufficient to establish personal jurisdiction. Hoeller v. Village of Barrington, 619 Fed. Appx. 534, 535 (7th Cir. 2015). In addition, the fact that plaintiff is incarcerated in Wisconsin is not sufficient to make an exercise of personal jurisdiction proper. Walden v. Fiore, 134 S. Ct. 1115, 1118 (2014) ("[P]laintiff's contacts with the forum State cannot be decisive in determining whether the [court may exercise personal jurisdiction over a defendant].") (internal quotations omitted).

Accordingly, I am directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over defendant Doroghazi. It makes little sense to require the U.S. Marshal to expend additional effort in attempting to serve the complaint on Doroghazi if this court cannot exercise jurisdiction over him.

ORDER

IT IS ORDERED that

1. The motion for partial reconsideration filed by defendants Teresa Nehls, Penny Perry, Dr. R. Gupta, dkt. #100, is DENIED.

2. Plaintiff Christopher Pary may have until March 8, 2018, to show cause why his case against defendant Paul Doroghizi should not be dismissed for lack of personal

5

jurisdiction. If plaintiff does not respond by that date, I will dismiss Doroghazi as a defendant.

Entered this 16th day of February, 2018.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge